Affirmed 2020 VT 76
8/28/20

VT SUPERIOR COURT
WASHINGTON UNIT

**STATE OF VERMONT**

**SUPERIOR COURT**
**Washington Unit**

2019 AUG 20 P 2: 52

**CIVIL DIVISION**
**Docket No. 520-9-18 Wncv**

**PROGRESSIVE NORTHERN INS. CO.**
**Plaintiff**

v.

**TODD MULLER and MELISSA MULLER**
**Defendants**

**DECISION**
**Cross-Motions for Summary Judgment**

This is an underinsured motorist coverage dispute between Defendants–Insureds Todd Muller and Melissa Muller and the Plaintiff–Insurer Progressive Northern Ins. Co. In 2017, the Mullers, riding together on a motorcycle, were injured in a collision with an automobile insured by GEICO. The Mullers' damages exceed all potentially available insurance coverage. GEICO, the tortfeasor's insurer, paid its liability limits to the Mullers ($100,000 to each), who then sought underinsured motorist coverage from their own insurer, Progressive. The Progressive policy in dispute, the motorcycle insurance policy, has a combined single underinsured liability limit of $300,000.

Progressive takes the position that it is entitled, under the terms of the policy, to offset its underinsured liability by the total amount paid by GEICO, $200,000, leaving a total of $100,000 of underinsured coverage available to the Mullers. The Mullers argue that the Progressive policy is ambiguous on this issue and thus should be interpreted in favor of coverage, which in this case would allow a total offset of $100,000 per claimant and make $200,000 of underinsured coverage available to each of them. The parties filed cross-motions for summary judgment addressing this issue.

The parties stipulated to all materials facts. The only legal issue presented is the correct interpretation of the offset provision in the motorcycle policy. There is no dispute that GEICO properly exhausted its liability limits by paying $100,000 each to the Mullers. There also is no dispute that Progressive properly exhausted its obligation to provide underinsured coverage available in the Mullers' separate automobile liability by paying them a combined $500,000. The parties agree that the auto policy is properly designated as "excess" and any offset due to GEICO's contribution applies against the motorcycle policy that they agree is properly designated as "primary."

"UM/UIM insurance provides coverage when a tortfeasor's liability insurance is insufficient to compensate the insured. . . . The overriding purpose of this UM/UIM requirement is to protect[ ] the insured from the misfortune of being involved in an accident with a financially irresponsible driver." *Humphrey v. Vermont Mut. Auto. Ins. Co.*, 2009 VT 53, ¶ 8, 186 Vt. 537

(citations and quotation marks omitted).[1]  When the tortfeasor's liability coverage is unavailable or insufficient, the injured person's own UM/UIM insurance may provide coverage.  Vermont's UM/UIM statute includes a provision permitting the UIM insurer to offset its underinsured coverage obligation by liability payments compensating the relevant injury.  23 V.S.A. § 941(e). In this case, neither party argues that other's interpretation of the Progressive offset provision would violate § 941(e) or any other statutory requirements applicable to underinsured motorist coverage.  The court thus looks to the language of the policy.

The Progressive motorcycle policy provides combined single limits of $300,000 per accident both for liability to others and for underinsured coverage available to its own insureds. A "combined single" limit means there is one limit—$300,000—no matter how many claimants there may be.[2]  The relevant offset provision in the policy is as follows:

> The limits of liability for bodily injury under this Part III [underinsured motorist coverage] will be reduced by *all sums*:
>
> 1.      *paid because of bodily injury* by or on behalf of any persons or organizations that may be legally responsible.

Progressive Motorcycle Insurance Policy at 12 (emphasis added).  The offset expressly consists of "all sums . . . paid because of bodily injury."

In this case, "all sums . . . paid because of bodily injury" includes both $100,000 liability payments under the GEICO policy.  Progressive thus is entitled to a $200,000 offset.

The Mullers argue that the offset provision is ambiguous and thus should be interpreted in favor of increased coverage.  See *Sanders v. St. Paul Mercury Ins. Co.*, 148 Vt. 496, 500 (1987) ("Ambiguity in policy language should be resolved in favor of the insured since the insurer is in a far better position to avoid latent ambiguity in the text of a policy.").  The Mullers argue that because the policy does not expressly describe how its offset provision applies in the specific circumstance of multiple claimants, that provision could be reasonably interpreted to allow a collective offset as advanced by Progressive (aggregating all amounts paid because of bodily injury) or to allow only separate setoffs on a claimant-by-claimant basis.  The Mullers argue, for example, that the offset applicable to each of them is the amount each was paid by GEICO, $100,000, leaving $200,000 available to each under the Progressive policy.

A policy could have an offset provision that functions in the separate and successive manner urged by the Mullers in this case.  Vermont statutes do not require it, but insurance policies can provide coverage in excess of statutory requirements.  The Progressive policy at issue here, however, clearly does not provide for a "separate and successive" offset.  "[A]ll

---

[1] *Humphrey* refers to the Vermont UM/UIM statute as providing "gap coverage." *Humphrey*, 2009 VT 53, ¶ 8.  The Vermont Supreme Court subsequently clarified that, since its 2005 amendment, 23 V.S.A. § 941 now provides both gap coverage and a limited form of excess coverage. *Progressive Cas. Ins. Co. v. MMG Ins. Co.*, 2014 VT 70, ¶¶ 12–21, 197 Vt. 253.  These aspects of § 941 are not in dispute in this case.

[2] By contrast, the GEICO policy provides a split limit—$100,000 per person and $300,000 per accident.

sums . . . paid because of bodily injury" is simply not ambiguous. The policy offsets "all sums" and nothing else in the policy renders "all sums" confusing or ambiguous as to whether it extends to both payments made by GEICO.

Progressive is entitled, under the terms of its motorcycle insurance policy, to a $200,000 offset against underinsured liability to the Mullers.

## ORDER

For the foregoing reasons, Progressive's motion for summary judgment is granted and the Mullers' motion is denied.

Dated at Montpelier, Vermont this 20th day of August 2019.

Mary Miles Teachout
Superior Judge

3